UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRYAN CLAYTON ROBERTS     CIVIL ACTION NO. 10-cv-1889

VERSUS     JUDGE FOOTE

DAVID WADE CORRECTIONAL CENTER     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

     A Caddo Parish jury convicted Bryan Clayton Roberts ("Petitioner") of molestation of a juvenile. The evidence showed that Petitioner engaged in multiple incidents of digital, oral, and genital molestation of the eight-year-old daughter of his live-in girlfriend of three years. He was found to be a third-felony habitual offender and sentenced to 20 years without benefit of probation, parole, or suspension of sentence. His conviction was affirmed on appeal. State v. Roberts, 966 So.2d 111 (La. App. 2d Cir. 2007). He also filed two post-conviction applications in state court. He now seeks federal habeas corpus relief on the grounds that the evidence was insufficient to support his conviction and the trial court erred in denying a motion in limine to exclude a video taped interview of the child victim. For the reasons that follow, it is recommended the petition be denied as untimely.

**Timeliness Defense**

     A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court

judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in assessing timeliness is, therefore, to determine when Petitioner's conviction became final and triggered the commencement of the one-year limitations period.

In a typical case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction becomes final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the United States Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The rule is different if the defendant does not complete the appellate process and reach the state's highest court. "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694.

The state appellate court rendered its judgment on September 19, 2007, and the Clerk of Court issued a notice that the opinion was mailed to all parties on that same day. Tr. 369-B. Petitioner did not move for rehearing. The next available appellate step was to apply to the Supreme Court of Louisiana for a supervisory writ. Louisiana Supreme Court Rule X, § 5(a) provides that an application for supervisory writ "shall be made within thirty days of the mailing of the notice of the original judgment of the Court of Appeal [subject to exception when a timely application for rehearing is filed]." Thirty days from September 19,

2007 was Friday, October 19, 2007. Petitioner did not apply for a writ, so his conviction became final for habeas purposes on October 19, 2007.

The federal limitations clock began to tick on October 19, 2007, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations period). All time that passed during the interim between finality of the conviction and the filing of the post-conviction application is counted against the one-year period. Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). The filing of the post-conviction application does not delay or restart the one-year period. Its effect is that the time during which it is pending is excluded from the one-year calculation. See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004).

A Louisiana prisoner's pro se post-conviction application is deemed "filed" when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007) ("We have extended the mailbox rule to determine the filing dates for Louisiana postconviction relief PCR applications."), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). Petitioner's first post-conviction application is stamped filed November 13, 2007. There is no evidence of when Petitioner tendered it for mailing, but the application is signed and dated November 8, 2007. The court will grant Petitioner the benefit of any doubt and consider the application to have been tendered to prison officials and, therefore, filed the same day it was signed, November 8, 2007. That filing tolled the federal clock after 20 of the available 365 days.

Petitioner filed a second post-conviction application a few months later. The trial court denied both applications in a single ruling. Tr. 437-40. The state appellate also denied relief. Tr. 488-89. The final step was when the Supreme Court of Louisiana denied an application for a discretionary writ on October 30, 2009. Tr. 550. That ended the tolling effect; the 90-day opportunity to file a petition for certiorari after the state's high court denies a post-conviction application does not continue the tolling effect of the application. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Lawrence v. Florida, 127 S.Ct. 1079 (2007).

Thus, with 20 days already expired, the federal clock began to run again on October 30, 2009 when the Supreme Court of Louisiana denied an application for a discretionary writ with respect to the post-conviction application. Petitioner had 345 days – until October 10, 2010 – to file his federal petition. October 10 was a Sunday, and October 11 was Columbus Day, so Petitioner could file on Tuesday, October 12 and still be timely.

The federal clerk of court received the habeas petition on December 13, 2010, two months after the deadline. But the federal petition also benefits from a prisoner mailbox rule that deems it filed when the prisoner tenders it to prison officials for mailing to the district court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The envelope has a postage-meter stamped date of December 9, 2010. It also bears a handwritten note, "Date Mailed: 12-06-2010," and "Emergency Deadline Date: 12-12-2010." Petitioner did not sign or date the petition or memorandum, but the accounts officer certification filed with the petition is signed and dated November 29, 2010. Even though Petitioner said in a letter (Doc. 3) that

he mailed the petition on December 6, 2010, the court will assume for the sake of argument the petition was tendered/filed on the earliest possible date of November 29, 2010.

A total of 395 days passed between the cessation of tolling on October 30, 2009 and the filing of the federal petition on November 29, 2010. When those days are added to the 20 days that expired earlier, a total of 415 un-tolled days passed between the finality of Petitioner's conviction and the filing of his federal habeas petition. Thus, the federal petition was filed, at the earliest, 50 days after the federal limitations period expired. It was untimely.

The State squarely raised the timeliness defense in its brief and set forth the relevant dates. Petitioner filed a reply in which he stated that "certain information" in the State's brief was "not accurate." He stated that his "application" was mailed October 30, 2009, but that date is nowhere near the time any application or petition was filed. It is the date the Supreme Court of Louisiana denied writs, but nothing was filed by Petitioner for several months before or after that date. The State has met its burden on the timeliness defense.

**Equitable Tolling**

Petitioner invokes equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). Such a case exists only if the petitioner shows that (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562.

Petitioner states that he "received his Ruling from the Court on December of 2009." He gives no hint as to which ruling from what court. The only ruling that issued around that

time was the Supreme Court's writ denial of October 30, 2009. Even if notice of that denial was delayed for a few weeks, Petitioner still had more than nine months to prepare and file a timely federal petition.

Petitioner filed a letter (Doc. 3) shortly after he filed his federal petition. The letter stated that it was accompanied by copies of rulings from the state courts that should have been attached to the petition but were unavailable because of difficulty getting copies. Petitioner complained that inmate counsel and staff knew his "deadline date of 12-12-2010," but something went wrong and he had to "send out for copies" of the state court rulings. Petitioner said he waited until December 6, 2010 (later than the date assumed by the court) to mail his habeas petition. Petitioner apparently miscalculated his deadline, which had already expired back on October 12, 2010 before the events discussed in his letter. The court does ask for copies of the state court rulings, but petitions can and are often filed without those documents attached. They are routinely submitted at a later date when ordered by the court. Accordingly, Petitioner may not fault a lack of copies of the state court rulings for missing the deadline to file his federal petition.

A comparison of Petitioner's circumstances to the facts in reported decisions demonstrates that he is not entitled to equitable tolling. The prisoner in Holland was represented by counsel who failed to file a timely federal petition despite the prisoner writing many letters that repeatedly emphasized the correct deadline for filing. The attorney did no research to find the proper filing date, grossly miscalculated the filing date, and failed to timely inform the prisoner about the crucial fact that the state supreme court had decided the

post-conviction application, all despite the prisoner's many pleas for that information. On the very day the prisoner discovered that his attorney had let the federal clock expire, the prisoner prepared his own habeas petition and immediately filed it with the federal court. The attorney's failure lost for his client what was likely his only opportunity for federal habeas review of the lawfulness of his conviction and death sentence. Even under those remarkable facts, the Supreme Court did not immediately conclude that equitable tolling was in order. Rather, it remanded for further proceedings in light of the standard it announced.

The Fifth Circuit reversed a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 137 (5th Cir. 2012). The Supreme Court rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). There is no hint of such egregious facts in this case, and those were cases where tolling was rejected. Petitioner had several clear months to prepare and file a timely petition. He did not do so, and there are no extraordinary circumstances to blame for his delay. Rather, it appears to be a rather ordinary case of miscalculation of the deadline and unwarranted delay by the filer. Petitioner is not entitled to equitable tolling.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of August, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE